UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK JORGE,

      Plaintiffs,

v.                                                    Case No. 8:07-cv-1191-T-24 MSS

SUNNYSIDE APARTMENTS, INC.,
ET AL.,

      Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion to Dismiss Counterclaim and Motion to Strike Fifth and Eleventh Affirmative Defenses. (Doc. No. 9). Defendants oppose the motion. (Doc. No. 10).

## I.  Background

Plaintiff filed suit against Defendants under the Fair Labor Standards Act ("FLSA") to recover overtime compensation. (Doc. No. 1). In response, Defendants asserted eleven affirmative defenses, including the following (Doc. No. 8): Their fifth affirmative defense is that Plaintiff is not entitled to attorneys' fees under the FLSA. Their eleventh affirmative defense is that Plaintiff and Defendants entered into certain agreements during Plaintiff's employment and that Plaintiff owes money to Defendants under the terms of those agreements.

Additionally, Defendants assert a counterclaim, in which they make the following vague allegations (Doc. No. 8): Plaintiff and Defendants entered into certain agreements during Plaintiff's employment, and Plaintiff owes money to Defendants under the terms of those agreements. Additionally, Defendants allege that their counterclaim arises out of the same occurrence or factual predicate that is the subject of Plaintiff's claim.

**II.  Motion to Strike Affirmative Defenses**

Plaintiff moves to strike Defendants' fifth and eleventh affirmative defenses.  Defendants have not specifically responded to this portion of Plaintiff's motion, and as such, the Court presumes that Defendants do not oppose the motion.

Plaintiff's motion to strike is well grounded.  There is no basis for Defendants' fifth affirmative defense that Plaintiff is not entitled to attorneys' fees under the FLSA, because attorneys' fees are provided.  29 U.S.C. § 216(b).  Furthermore, Defendants' eleventh affirmative defense, that Plaintiff and Defendants entered into certain agreements during Plaintiff's employment and that Plaintiff owes money to Defendants under the terms of those agreements, appears to assert an affirmative defense of setoff.  However, this affirmative defense is sufficient, because Defendant has failed to allege any facts to support such a defense and to give Plaintiff fair notice of the grounds on which it rests.  See Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp.2d 1314, 1322 (S.D. Fla. 2005).  Accordingly, the Court grants Plaintiff's motion to strike these affirmative defenses.

**III.  Motion to Dismiss Counterclaim**

Plaintiff also moves to dismiss Defendants' counterclaim, arguing that it is a permissive counterclaim and that the Court lacks subject matter jurisdiction over it, unless there is an independent jurisdictional basis for it.  See East-Bibb Twiggs Neighborhood Assoc. v. Macon Bibb Planning & Zoning Commission, 888 F.2d 1576, 1578 (11th Cir. 1989)(citation omitted).  The counterclaim appears to arise under state law, and there are no allegations to support diversity jurisdiction.

Pursuant to Federal Rule of Civil Procedure 13(b), a permissive counterclaim is a "claim against an opposing party not arising out of the transaction or occurrence that is the subject

matter of the opposing party's claim." Defendants, however, have failed to allege sufficient facts in order for the Court to determine whether it arises out of the same transaction or occurrence that is the subject matter of Plaintiff's claim. Instead, Defendants rely on their allegation in their counterclaim that their counterclaim arises out of the same occurrence or factual predicate that is the subject of Plaintiff's claims. The Court does not find such a vague and conclusory allegation to be sufficient. As such, the Court cannot determine whether the counterclaim is permissive or compulsory, and therefore, the Court concludes that Defendants have failed to show that the Court has subject matter jurisdiction over their counterclaim.[1]

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Dismiss Counterclaim and Motion to Strike Fifth and Eleventh Affirmative Defenses (Doc. No. 9) is **GRANTED**: The Court strikes Defendants' Fifth and Eleventh Affirmative Defenses and dismisses without prejudice Defendants' counterclaim for lack of subject matter jurisdiction.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of November, 2007.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

---

[1] To the extent that an argument could be made that the Court might have supplemental jurisdiction over the counterclaim, pursuant to 28 U.S.C. § 1367, the Court finds that Defendants have not alleged sufficient facts to show that the counterclaim is so related to Plaintiff's FLSA claim as to form the same case or controversy. See Kirby v. Tafco Emerald Cost, Inc., 2006 WL 228880, at *2 (N.D. Fla. Jan. 30, 2006)(finding that the plaintiff's FLSA claim and the defendant's breach of contract and failure to repay promissory note counterclaims did not share a common nucleus of operative facts).

3